MATTIE HAUCKE, PLAINTIFF, v. ARNOLD BECKMAN, DEFENDANT.

Submitted July 7, 1921—Decided December 27, 1921.

1. There was testimony that defendant's auto was being propelled at a speed estimated at from forty to fifty miles an hour while rounding a curve in the road, and after knocking down plaintiff, who was standing on private property, continued on at the same rate of speed until forced to stop because of the road being blocked. *Held,* to be sufficient upon which the jury might find that defendant exhibited such a wanton and reckless disregard of the plaintiff's rights, so as to stamp his conduct as willful and intentional, warranting the awarding of punitive damages.

2. Plaintiff's injuries resulted in partial permanent injury to two fingers of her right hand, and painful bruises upon her head and body. She was earning $30 per week at the time of the injury, and was unable to resume her employment for ten weeks, but then went back to work at the same wages. The jury awarded her $1,000 punitive damages and $5,000 compensatory damages. *Held,* that the award of $5,000 was excessive.

---

On defendant's rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and KALISCH.

For the rule, *Heine, Bostwick & Bradner* (*John W. Bost-wick, Jr.,* on the brief).

*Contra, King & Vogt* (*Elmer King* and *Harold A. Price,* of counsel).

The opinion of the court was delivered by

KALISCH, J.   The plaintiff was awarded a verdict, in the Morris County Circuit, against the defendant for damages, on account of injuries sustained by her to her right hand, in the sum of $6,000, $5,000 of which was as compensatory damages, and the balance of $1,000 as punitive damages.

The defendant obtained a rule to show cause why a new trial should not be granted, and the first point made and argued in the defendant's brief is, that "the verdict is contrary to the law as charged by the court upon the question of punitive damages."

The facts developed at the trial showed that the plaintiff, a stenographer, in the employ of the United Transportation Company, earning $30 per week, while standing upon private property, abutting a public highway, at Mountain View, was knocked down by an automobile driven by the defendant, the rear wheel of the car running over her right hand, inflicting partial permanent injuries to several of her fingers, and painful bruises upon her body.   There was testimony to the effect that the car was being propelled at a rate of speed estimated at from forty to fifty miles an hour while rounding a curve in the road near the property where the plaintiff was standing, and, after having knocked the plaintiff down, the defendant made no effort to stop his car, but continued to go on with the car at the same rate of speed, until he was forced to stop on the road because of its being blocked by a hay wagon, and it was then that he was caught and put under arrest.

It is conceded in defendant's brief that the charge of the court on the subject of punitive damages was in accordance with the settled law of this state, enunciated in *Haines* v. *Schultz,* 50 *N. J. L.* 481, and *Trainer* v. *Wolf,* 58 *Id.* 381.

The trial judge instructed the jury as follows:

"And if you find the defendant maliciously and intentionally ran into the plaintiff, or that the accident was caused by a wanton and reckless disregard of the plaintiff's rights, then you may add to the amount that you find will compensate her, an additional sum by way of exemplary damages for such malicious conduct or reckless or wanton conduct on his part."

We think that the testimony as to the conduct of and the excessive speed at which the defendant operated and drove his car along a public road was amply sufficient to warrant a jury in finding that he exhibited such a wanton and reckless disregard of the plaintiff's rights so as to stamp his conduct as willful and intentional.

Next, it is argued the award of $5,000 as compensatory damages is excessive.

We think the verdict is excessive. The testimony tends to show partial permanent injury to two fingers of the plaintiff's right hand. She suffered painful bruises upon her hand and body. She was earning $30 per week, at the time of her injury, and was by reason thereof unable to resume her vocation for a period of ten weeks. She has musical talent and plays on the violin. There was testimony to the effect that the condition of her injured fingers is such that it will interfere to some extent with her playing that musical instrument.

As has been said, she was out of employment, as a result of her injuries, for ten weeks, but she went back to her former employment of stenographer and is receiving the same wages, $30 per week, as theretofore.

We have concluded that if the plaintiff will agree to accept in addition to the $1,000, allowed her for punitive damages, the sum of $3,000 for compensatory damages, the verdict may stand for $4,000, otherwise the rule to show cause will be made absolute.